UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LESLIE GAIL EATON COLLINGS,

                Plaintiff,

        vs.

THE STATE UNIVERSITY OF NEW YORK AT
CORTLAND, AND MARK PRUS
*in his personal capacity*

                Defendants.

**COMPLAINT** 5:24-cv-00534 (GTS/ML)

---

Plaintiff Leslie Gail Eaton Collings, by and through her attorney, Lindy Korn, Esq., for her complaint against the defendants:

## JURISDICTION AND VENUE

1. This action is brought, in part, pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 and 1991 (42 U. S.C. § 2000[e] et. seq.) The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §1983.

2. Defendants are subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the unlawful employment practices alleged herein and acts and omissions giving rise to the claims in this complaint occurred within the Northern District of New York.

3. Plaintiff further invokes the pendent and supplemental jurisdiction of the Court herein to decide claims arising under State law including, but not limited to, claims that defendants committed unlawful discriminatory practices relating to employment by denying plaintiff equal terms, conditions and privileges of employment because of sex and religious belief and/or in violation of plaintiff's right to equal treatment and protection of the laws, and her procedural and substantive due process rights, in violation of the New York Constitution, the New York State Human Rights Law (Article 15, Executive Law of the State of New York), claims for the deprivation of plaintiff's contractual rights and privileges and infliction of emotional distress and mental anxiety, and under the laws of the State of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

5. On or about May 15, 2023, Plaintiff filed a complaint of discrimination naming the defendants with the New York State Division of Human Rights. Further, plaintiff's DHR complaint was cross-filed with the Equal Employment Opportunity Commission (EEOC) pursuant to the work-sharing agreement between the two agencies.

6. Plaintiff received a Notice of Right to Sue from the EEOC and has commenced the instant action within the time limits allotted therefor.

7. Subsequently, the EEOC issued Plaintiff a final agency decision, a copy of which is attached as exhibit A.

## PARTIES

8. Plaintiff Leslie Gail Eaton Collings, at all times relevant to this Complaint, is a white, female citizen of the United States and a resident of the County of Cortland and State of New York. She was at all times relevant herein an employee of SUNY Cortland. Plaintiff is an "Employee" within the meaning of 42 U.S.C. §§ 2000e, et seq., and the Human Rights Law of the State of New York.

9. Defendant, colloquially branded as "SUNY Cortland" is a not-for-profit educational institution that is part of the State University of New York system. Defendant is an "Employer" within the meaning of 42 U.S.C. §§ 2000e, et seq., and the Human Rights Law of the State of New York.

10. At all times relevant hereto, SUNY Cortland employed the named individual defendants and the plaintiff herein. SUNY Cortland are by law responsible for the wrongdoing of officers and employees of all entities it controls and does business with and by law are responsible for the direct participation and endorsement of the unconstitutional and unlawful customs, policies, and practices of the individual defendants. Said defendants were also aware, through their officers, legislators, and agents, of the long-standing unlawful customs, policies and practices of the named defendants, and deliberately and/or negligently failed to take action to correct the unlawful customs, policies and practices of the defendants.

11. Defendant Mark Prus, at all times relevant to this Complaint, was the duly appointed Director - Sales and Financial Analysis of SUNY Cortland. He was responsible for, among other things, the training, supervision, discipline and conduct of the other employees. He was also responsible, by law, for enforcing the rules and regulations of the United States

and the State of New York, and by being truthful and forthright in their correspondences and testimony before a New York State Division of Human Rights investigator, and for insuring that employees of SUNY Cortland obey the laws of the State of New York and the United States. Defendant Prus is sued in his individual capacity.

12. At all relevant times, the aforesaid defendant is the plaintiff's supervisor at SUNY Cortland and had and utilized the power to make personnel decisions regarding plaintiff's employment. He is responsible for the establishment and perpetuation of the hostile work environment and discriminatory policies, customs, practices and habits of SUNY Cortland and also aided and abetted the unlawful conduct described herein. The defendants all are equally responsible and legally accountable for the unlawful conduct of each other for failing to intercede and prevent the discriminatory and retaliatory conduct.

13. During all times mentioned in this Complaint, defendants were acting within the scope of their employment and under color of law, that is, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the United States, and the State of New York. At all times mentioned in this Complaint, defendants acted either individually, jointly, and in concert with each other, or with others.

14. Plaintiff Gail Eaton Collings is well qualified for her position as a professor of psychology. She has earned numerous degrees and has had years of successful teaching.

15. Gail Eaton Collings was hired by SUNY Cortland in September 2002 and for the duration of her employment, preformed "very good" to "outstanding" capacity.

16. In October 2021, Plaintiff was accused of workplace bullying so as to create a hostile work environment for her colleagues.

17. This accusation was investigated and debunked, and Plaintiff was found to be the victim of harassment.

18. Plaintiff was unfairly targeted and blamed by Defendants for systemic performance issues by the ADA coordinator shortly after writing to Mr. Evans asking for help.

19. Subsequently, Plaintiff requested reasonable accommodation for her disability, but SUNY Cortland Human Resources changed the accommodation without her consent. Making it difficult, if not impossible, for Plaintiff to do her job.

20. Plaintiff was then further targeted and blamed for issues that were not of her making. She was called into a pseudo-disciplinary "Counseling Meeting", and a Counseling Memo was issued, and policy seemed to indicate that would be the end of these discussions.

21. Counseling Memoranda are routinely claimed by SUNY to be "neutral" and that they are not "adverse" but in fact, Counseling Memoranda are overwhelmingly issued to document allegations of poor performance and are almost never, if ever, used for contrary purposes. Therefore, Counseling Memoranda, despite SUNY's position, are indeed adverse.

22. Plaintiff left the Counseling Meeting sincerely believing that I was on the verge of being fired because of false allegations. I felt extremely intimidated; with no right to complain; and felt that I had been intimated by Foster, Mattingly, Prus, Evans into staying quiet about what happened to me.

23. As a result, Plaintiff was exceedingly isolated and unable to advocate for myself in any way. I even hesitated to call a lawyer for help, because that was the center of the false allegations against me (perhaps by design).

24. During this time however, other male, and/or younger colleagues were treated better and differently than Plaintiff.

## AS AND FOR A FIRST FEDERAL LAW CAUSE OF ACTION
## PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
## AND THE CIVIL RIGHTS ACT OF 1991

25. Plaintiff re-alleges paragraphs 1 through 24 as set forth above and incorporates this complaint is in all respects based upon past and continuing and ongoing harm and injury caused by the defendants in their discriminatory acts and policies. Such acts and polices are illegally imposed on the plaintiff by the defendants employing and endorsing a policy which treats women as second class citizens and excludes women from certain assignments, positions of visibility, authority, and power, and denies women assignments or transfers which lead to supervisory and management opportunities. Further, denying women access to these assignments leads to lower pay, less job motility, fewer opportunities, and fewer benefits for all women.

26. This complaint is also in all respects based upon past and continuing and ongoing harm and injury caused by the defendants in their discriminatory acts and policies. Such acts and polices are illegally imposed on the plaintiff by the defendants employing and endorsing a policy which treats women as second class citizens and excludes them from certain assignments, positions of visibility, authority, and power, and denies women assignments or transfers which lead to supervisory and management opportunities. Further, denying women access to these assignments leads to lower pay, less job motility, fewer opportunities, and fewer benefits for all women.

27. The defendants routinely assign the plaintiff to unpleasant assignments while excusing male, younger, and other employees from those same assignments. They also subject

Women to stricter guidelines in the use of sick time related to workplace injury, leave, religious exemptions, performance evaluations, promotions, and work assignments.

28. The defendants routinely ignore the plaintiff. Prus, for example, refuses to respond to many of the plaintiff's e-mails, while he routinely responds to those from the plaintiff's male colleagues.

29. By engaging in the foregoing conduct, the defendants have violated plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 1991 (42 U. S.C. Section 2000[e] et. seq.).

30. Plaintiff filed a complaint with the DHR and subsequently received a Right to Sue letter from the EEOC. The plaintiff holds the position of Clinical Account Manager for the defendant SUNY Cortland who is an employer within the meaning of the statute.

31. Plaintiff Leslie Gail Eaton Collings is a 61-year old, white, married, female and as such is a member of at least four protected classes. Plaintiff has suffered disparate treatment and other adverse employment action due to her protected class status. Plaintiff has been denied employment opportunities and benefits given to younger, male, and other employees.

32. By acting as described above, the defendants acted with malice or with reckless disregard for the plaintiff's rights, causing her injuries and entitling her to compensatory and punitive damages.

### AS AND FOR A SECOND FEDERAL LAW CAUSE OF ACTION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE CIVIL RIGHTS ACT OF 1991

33. Plaintiff re-alleges paragraphs 1 through 32 as set forth above and incorporates them as set forth fully herein.

34. The defendants Prus and others have created and/or perpetrated a hostile work environment and subjected women to discriminatory and disparate treatment. The acts that constitute and contribute to such a hostile work environment include not including female colleagues in sales events; recognizing male employees' anniversaries and other milestones at the workplace and in the presence of the plaintiff and others; but refusing to do the same for some female employees; treating women as beneath dignity; and subjecting women to excessive scrutiny.

35. By engaging in the foregoing conduct, the defendants have violated plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 1991 (42 U. S.C. Section 2000[e] et. seq.).

36. By acting as described above, the defendants acted with malice or with reckless disregard for the plaintiff's rights, causing her injuries and entitling her to compensatory and punitive damages.

### AS AND FOR A THIRD FEDERAL LAW CAUSE OF ACTION PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND THE CIVIL RIGHTS ACT OF 1991

37. Plaintiff re-alleges paragraphs 1 through 36 as set forth above and incorporates them as set forth fully herein.

38. The plaintiff was subjected to retaliation for complaints of discrimination and a hostile work environment.

39. The plaintiff was treated different from other non-disabled employees.

40. The defendants failed to advise the plaintiff and others of the existence of the salient policy within SUNY Cortland.

41. Moreover, any prospects of advancement or promotion have subsequently vanished after the plaintiff complained.

42. The plaintiff was subjected to retaliation for complaints of discrimination and a hostile work environment. Prus stopped inviting plaintiff to work sponsored events at her workplace and in the field and referred to her poorly to other persons at the workplace. The defendants also subjected the plaintiff to retaliatory criticism and abuse of power and authority, including, eavesdropping on plaintiff's digital communications, finding fault, assigning additional duties without compensation, withholding promotion and advancement, denial of privileges afforded to others, and criticizing plaintiff's use of sick time or work performance.

43. By engaging in the foregoing conduct, the defendants have violated plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 1991 (42 U. S.C. Section 2000[e] et. seq.). 40. By acting as described above, the defendants acted with malice or with reckless disregard for the plaintiff's rights, causing her injuries and entitling her to compensatory and punitive damages.

**AS AND FOR A FOURTH STATE LAW CAUSE OF ACTION PURSUANT TO THE HUMAN RIGHTS LAW OF THE STATE OF NEW YORK**

44. Plaintiff re-alleges paragraphs 1 through 43 as set forth above and incorporates them as set forth fully herein.

45. The actions and conduct of defendants as alleged in the foregoing causes of action herein constitute unlawful discriminatory practices in violation of Article 15 of the Executive Law of the State of New York, "The Human Rights Law," including but not limited to Section 296 therein in that the said defendants by reason of their actions and/or failures to act as more specifically set forth above, discriminated against plaintiff in the terms, conditions,

privileges and compensation of her employment because of plaintiff's race and because she is a minority and discriminated against plaintiff by reason of her race and/or national origin because plaintiff opposed discriminatory practices forbidden under the Human Rights Law.

46. Because of these illegal and discriminatory acts, practices and policies of defendants, plaintiff has been damaged by said defendants in the manner set forth above.

## AS AND FOR A FIFTH STATE LAW CAUSE OF ACTION

47. Plaintiff re-alleges paragraphs 1 through 46 as set forth above and incorporates them as set forth fully herein.

48. Plaintiff is an employee and as such is protected by an implied contract in effect entered into by SUNY Cortland with its employees. Such contract provides for the fair and equal treatment in matters of pay and terms of employment including discipline and sanctions for misconduct of employees without regard to gender, race, age, or other classification. In her position the plaintiff has always performed her duties in a fully competent and professional manner and received positive evaluations during her employment.

49. The defendants have discriminated against the plaintiff and subjected her to unequal treatment on account of her gender and Minority status in breach of the contract.

50. The defendants acted with discriminatory animus, malice, and/or with reckless disregard for plaintiff's rights, causing her injuries and entitling her to compensatory and punitive damages.

**AS AND FOR AN SIXTH AND SEVENTH STATE LAW CAUSE OF ACTION**

51. Plaintiff re-alleges paragraphs 1 through 51 as set forth above and incorporates them as set forth fully herein.

52. The actions and conduct of the defendants enumerated above constitute intentional infliction of emotional stress and mental anxiety, negligence and gross negligence under the laws of the State of New York and this Court has pendent jurisdiction to hear and adjudicate such claims.

53. The Plaintiff has been injured and harmed by the actions and conduct of the defendants and she is entitled to compensatory and punitive damages therefor.

**PRAYER FOR RELIEF**

**WHEREFORE**, As a result of Defendants' actions, Ms. Gail Eaton Collings experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life. Plaintiff prays that this Court enter judgment against the defendants as follows:

(a) for each Cause of Action, ordering the defendants to pay the plaintiff ONE MILLION dollars;

(b) for each Cause of Action, granting the following injunctive relief:

    1. Require the defendants to review and correct all discriminatory treatment and conduct within SUNY Cortland;

    2. Provide equal opportunities, terms, benefits, and pay to women employees across SUNY Cortland;

    3. Mandate training and educational programs for employees about discrimination and gender equity;

    4. Require annual reports demonstrating efforts and success at compliance in providing a discrimination-free workplace; and

(c) interest on all amounts due;

(d) attorney's fees under Title VII and 42 U.S.C. Section 1988;

(e) declaratory relief that the defendants have violated the plaintiff's rights under the law;

(f) punitive damages;

(g) granting such other and further relief as the Court may deem proper.

## JURY DEMAND

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.

Dated: April 17, 2024
       Buffalo, New York

Respectfully submitted,
Plaintiff Prof. Leslie Gail Eaton Collings by her Attorneys

THE LAW OFFICE OF LINDY KORN PLLC

*(signature: Lindy Korn)*

Lindy Korn, Esq.
*Attorney for Plaintiff*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
lkorn@lkorn-law.c